Johnson, J.
.The testatrix of William Y. Miles, who was his widow, began a proceeding in the common pleas of Franklin county to obtain a con *173 struction of his will. All of the heirs at law and devisees were made parties. On appeal from a final decree in that court the court of appeals entered a decree construing the will.
The plaintiffs in error, Gordon F. Miles -and Lena M. Freeman, who were defendants below, thereupon filed an application for a rehearing in the court of appeals on the grounds “that the court which heard and decided said case was without jurisdiction to hear the same and the decision rendered is contrary to law.”
The reasons why the court was without jurisdiction were stated in the application to be:
“a. Because the judges, Honorable R. R. Kinkade, Honorable S. S. Richards and Honorable Charles E. Chittenden, constituting the court which heard said case were elected for and constitute the court of appeals of the sixth appellate district of Ohio and said court is without power to hear and decide cases in the county of Franklin in the second appellate district of Ohio.
“b. Because the said judges were not assigned to Franklin county, Ohio, to hold court, by the chief justice of the supreme court of Ohio, as is provided by Article four, Section six, of the Constitution.”
The application contained an argument in its support and it was also contended that the court had erred in the construction of the will for reasons set forth at length. The application was overruled. The entry of that order contained the following: “This day this cause came,on for hearing by the court, the Hon. R, R. Kinkade, Hon. S. S, *174 Richards and Hon. Chas. E. Chittenden, judges of the court of appeals for the sixth district sitting as judges of said court, said judges and each of them having been assigned by the chief justice of the court of appeals to hold an additional court in Franklin county, upon the application of the defendants, Gordon F. Miles and Lena M. Freeman, for a rehearing of said cause,” and set out the grounds above stated. The entry then proceeded with the overruling of the application.
It is conceded that the chief justice of the courts of appeals made the assignment of the judges, as stated in the entry, under the authority conferred by Section 1528, General Code, pertinent parts of which are: “The chief justice of the court of appeals, upon being satisfied that the business of such district requires it, shall assign such judge or judges of the court of appeals, as in his opinion can be so assigned without impairing the business of the district of which he is a resident, to hold court in such district.”
The contention of the plaintiffs in error is that the section referred to is in contravention of the following provision contained in Section 6 of Article IV of the Constitution: “The chief justice of the supreme court of the state shall determine the disability or disqualification of any judge of the courts of appeals and he may assign any judge of the courts of appeals to any county to hold court.”
It is insisted that this provision is exclusive, that the legislature^ is without authority to authorize any other person to assign a judge of the court of *175 appeals to hold court in another district and that even the chief justice cannot designate the entire court of appeals of one district to hold court in another.
It will be observed that the provision quoted from Section 6 of Article IV of the Constitution is that the chief justice of the supreme court “shall determine the disability or disqualification" of any judge of the courts of appeals.” It then proceeds with the provision that he may assign any judge of the courts of appeals to any county to hold court. From a consideration of the entire sentence it is very apparent that the purpose of the framers of that provision in the constitution was to definitely locate the authority by which the question of disability or disqualification of a judge of the courts of appeals should be determined. The wisdom and salutary force of the provision are very manifest. It is most desirable that questions of that sort should be disposed of with becoming expedience and without unseemly proceedings, by an ascertained and fixed authority. Having made that provision, it was natural that the latter clause of the sentence should be added conferring the permissive power on the chief justice of the supreme court to assign any judge to any county. Therefore, the further power was conferred to assign any judge of the courts of appeals to any county to hold court. A different purpose was intended to be accomplished by the legislature in the passage of Section 1528, General Code, supra.
Section 6 of the judicial article of the constitution provides that each judge of the courts of ap *176 peals “shall be competent to exercise judicial powers in any appellate district of the state.”
The object of Section 1528, General Code, is to facilitate and to put into practical effect, where necessary and desirable, the provisions of the constitution just quoted. That section of the Code does not confer upon the chief justice of the courts of appeals any power to determine the disability or disqualification of any judge of the courts of appeals. The preceding section (1527) provides for the exercise of that power by the chief justice of the supreme court in accordance with the constitutional provision. Section 1528 is purely administrative in its character. In the nature of the situation it is necessary that there should be some system by which the business of the several courts should be expedited, and therefore the section provides that “The chief justice of the court of appeals, upon being satisfied that the business of such district requires it, shall assign such judge or judges of the court of appeals, as in his opinion can be so assigned without impairing the business of the district of which he is a resident.”
It is to be presumed that the legislature contemplated that the chief justice of the courts of appeals would be in reasonable touch with the business of those courts, and would be so situated as to give life and vigor and practical value to the provision of the constitution which confers upon each judge of the courts of appeals of the state authority to exercise judicial powers in any appellate district.
The statute is a reasonable and proper provision, *177 and cannot but contribute substantially to the orderly disposition of the business of the courts of appeals and to the administration of justice.
Section 1528 does not in anywise interfere with the authority conferred upon the chief justice of the supreme court to determine the disability or disqualification of a judge of the courts of appeals, or to assign a judge of that court to any county, and is a valid enactment.
Section 6 of Article IV of the Constitution clothes the chief justice of the supreme court with full authority to determine the disability or disqualification of a judge of the court of appeals, and in addition thereto to assign a judge of that court to any county to hold court for any proper reason, without reference to questions of disability or disqualification.
In the case at bar the trial proceeded before the judges named to final judgment without objection by any of the parties. The first objection that appears on the record to have been made to the qualification of the judges named to sit is found in the application for a rehearing.
Inasmuch as Section 6 of the judicial article contains the provision that each judge of the courts of appeals shall be competent to exercise judicial powers in any appellate district of the state, it follows that each of the judges named was qualified to sit as a judge of the court of appeals of Franklin county at the hearing of this case. In the absence of anything appearing to the contrary, the presumption would be that they had been properly *178 assigned so to do, and when the parties, without objection, proceeded before a court composed of judges with such qualifications and the case was fully tried, all questions of assignment or other merely administrative matters were waived.
However, we have preferred to rest our conclusion upon whát we have said with reference to the validity of Section 1528, General Code.
The court was properly constituted, and inasmuch as the constitutional question raised relates only to the qualification of the judges named to constitute the court and to hear and decide cases at the time, and does not relate to or affect the causes of action or defense involved in the case or the procedure by which they were determined, its judgment is final and will be affirmed.

Judgment affirmed.

Nichols, C. J., Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.